## Doe on the Demise of Ingram *v.* Allen.

An execution, when returned, is a record; and a recognizance indorsed on the execution and returned is a record also.

A recognizance, when duly returned to the proper clerk's office, has the force and effect of a judgment; and execution may issue before the recognizance is copied by the clerk.

*Friday,*
*July* 26.

APPEAL from the *Tippecanoe* Circuit Court.

Blackford, J.—This was an action of ejectment for certain real estate in *Tippecanoe* county. Plea—not guilty. Verdict and judgment for the defendant.

On the trial the Court gave the following instruction to the jury:

" An execution issued on a replevin-bond before it is returned into the clerk's office, and filed by the clerk, and duly recorded, is null and void, and gives no authority to the sheriff or marshal to sell land or other property; and, consequently, a sale made on such execution conveys no title to the purchaser."

This instruction was objected to by the plaintiff.

The statute authorizing the taking of bail by an officer having an execution in his hands, contains the following provisions:

"Sect. 352. Such recognizance of bail thus taken by such officer shall be indorsed on such execution, and signed by the bail, and shall be substantially in the form folowing:" (The form of the recognizance is here set out).

"Sect. 353. The officer having such writ shall return the same, and his doings thereon, without further execution thereof, to the clerk's office from which such execution issued, immediately after taking such bail."

"Sect. 354. Such recognizance of replevin-bail taken

by such officer, shall be copied by the clerk of such Court into his execution-docket, in the appropriate column, and shall be deemed and taken to be a record."

"Sect. 356. Every such recognizance of bail, whether taken by the clerk of such Court, or by the officer to whom any such writ of execution may be directed, shall, from the date thereof, be taken and deemed, and shall have the force and effect of a judgment confessed in a Court of record against the persons executing such recognizances, and against their estates." R. S. 1843, pp. 737, 738.

We are of opinion that, under these statutory provisions, a recognizance taken by the officer having an execution in his hands, when indorsed on the execution and returned to the clerk's office as the statute directs, becomes, thereby, a matter of record. The execution, when returned, is a record—*Hobson* v. *Doe*, 4 Blackf. 487—and the recognizance indorsed on the execution and returned, must be a record also. The fair construction of the statute seems to be, that the recognizance indorsed on the execution, when duly returned to the proper clerk's office, has the force and effect of a judgment, upon which an execution may, at the proper time, issue. It is, to be sure, made the duty of the clerk to copy the recognizance into his execution-docket, but the statute does not say, nor does it, in our opinion, mean, that the execution shall not issue until the recognizance is so copied.

The instruction of the Court, therefore, to which we have referred, so far as it says that the recognizance, taken and returned as aforesaid, must be *recorded* before an execution can issue upon it, is erroneous.

*Per Curiam.*—The judgment is reversed, and the verdict set aside with costs. Cause remanded for further proceedings. Costs here.

*Z. Baird*, for the plaintiff.

*R. A. Lockwood*, for the defendant.